Hamlin, J.
This matter comes before the court on the defendants’ special motion to dismiss pursuant to G.L.c. 231, §59H. In the underlying action, the plaintiff *57 seeks to recover damages from the defendants for slander, invasion of privacy, and other common law torts.
For the reasons set forth below, the defendants’ special motion to dismiss is ALLOWED.
BACKGROUND
The pleadings and the supporting and opposing affidavits reveal the following:
In 1992, Tuan Nguyen (“Nguyen”) lived in an apartment with Yvonne Villancourt (“Villancourt”). The defendant David Stafford (“Stafford”) was a friend of Villancourt, and through her came to know Nguyen.
In August 1993, Stafford was informed by neighbors about loud disputes in the apartment occupied by Nguyen and Villancourt: at which time, Stafford told the two that he was willing to help Villancourt remove herself from the situation if necessary. On August 24, Stafford accompanied Villancourt to the Suffolk Superior Court to obtain a protective order against Nguyen. Subsequently, Villancourt moved in with Stafford and his family.
On September 10, 1993, Nguyen was arrested for attempting to abduct Villancourt from the campus of the University of Massachusetts at Boston, where she worked. As a result of that arrest, Nguyen was charged with stalking, attempted kidnapping, unlicensed possession of a firearm, and with making threats. Commonwealth v. Nguyen, Suffolk Superior Court No. 93-11646. Prior to Nguyen’s arraignment, Stafford met with the Office of the District Attorney in the Dorchester District Court. In addition, on several occasions after the initial appearance in district court, Stafford accompanied Villancourt to court and to meetings with the Office of the District Attorney.
Nguyen failed to appear in the Superior Court on October 28th, 1993 as scheduled for arraignment. On the 29th, an intruder, later identified as Nguyen, was seen in the area surrounding Stafford’s home in Chelmsford, Massachusetts. A neighbor, aroused by the noise on his property, went to investigate and was shot by Nguyen.
As a result of the Chelmsford incident, Nguyen was charged with assault and battery by means of a dangerous weapon, unlicensed possession of a firearm, stalking, and violation of a restraining order.[1] After Nguyen failed to appear in court, the police commenced an intensive search for Nguyen, which resultedinhis arrest. On October 17, 1994, Nguyen was convicted, upon his guilty plea in the Superior Court, of various crimes. He was sentenced to state prison for 9-10 years for assault and battery by means of a dangerous weapon, 2V2-3 years for various of the offenses, to be served concurrently with the assault and battery by means of a dangerous weapon, and 9-15 years for possession of a machine gun, to be served from and after the sentence for assault and battery by means of a dangerous weapon.
In October 1995, Nguyen filed the first civil action against Stafford in the Norfolk County Superior Court. Nguyen v. Stafford, Norfolk Superior Court Civil Action No. 95-2435. In that action, Nguyen alleged slander, interference with privacy and intentional interference with his property. On January 10, 1996, Nguyen filed .suit in the Middlesex Superior Court, Nguyen v. Stafford, Middlesex Superior Court Civil Action No. 96-0238.[2] On June 14, 1996, the Norfolk action was consolidated with the Middlesex suit.[3]
DISCUSSION
In 1994, the Legislature enacted the anti-SLAPP statute. St. 1994, c. 283, §1; G.L.c. 231, §59H. SLAPP is an acronym for “strategic litigation against public participation.” The statute enables defendants to bring a “special motion to dismiss” if the civil claims against them are based upon their exercise of their constitutional right to petition the government. The statute defines the right of petition as follows:
[A]ny written or oral statement made before or submitted to a legislative, executive, or judicial body or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.
The statute is sufficiently broad to encompass those suits brought to chill the participation of private citizens in the judicial or investigatory process. The clear legislative intent in enacting the statute was to protect a citizen’s right to speak out on matters of “public interest,” and to participate in “governmental proceedings” implicating matters of “public concern.” Sullivan v. Murphy, et al., 5 Mass. L. Rptr. No. 3, 67, 68 (April 22, 1996).
In order to invoke the Anti-SLAPP statute, the moving party [Stafford] must establish that “civil claims . . . against said party are based upon said party’s exercise of its right of petition under the constitution of the United States or of the Commonwealth.” G.L.c. 231, §59H. Upon the initial showing, the burden then shifts to the non-moving party [Nguyen] to show: “(1) that the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) that the moving party’s acts caused actual injury to the responding party.” Id.
Here, Stafford meets his burden of demonstrating that Nguyen commenced these suits as a direct result of Stafford’s intervention and assistance of *58 Villancourt. Moreover, Stafford had ample reason for believing that Nguyen posed a threat to his friend Villancourt. Stafford actions in the case relate to communicating with the Office of the District Attorney and assisting Villancourt in her efforts through the judicial process.[4] The court also notes that Nguyen presents no evidence of how he was harmed by Stafford’s allegedly tortious conduct. It is patently obvious that this suit is intended to punish Stafford for being a concerned citizen and friend. Consequently, this suit although not directed at the victim of a crime is by its very essence of the type G.L.c. 231, §59H was intended to forestall.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ special motion to dismiss be ALLOWED.

 The Middlesex case was consolidated with the Suffolk Superior Court, Criminal Action No. 94-10986.

 In each complaint, Nguyen named Polaroid as a defendant for its “failure to control Stafford,” who worked for Polaroid at the time of these events.

 In addition to his suits against Stafford and Polaroid, Nguyen sued Col. Lance DePlante (U.S. Army Ret.), from whom Nguyen had stolen firearms, in U.S. District Court, Nguyen v. DePlante, No. 95-CV-12790 (D. Mass.). The court ultimately found for DePlante via dismissal and summary judgment.

 As any claims against Polaroid derive solely from its employment of Stafford, the conclusion that the Anti-SLAPP statute protects Stafford applies with equal force to Polaroid.